**In re Nathan PASHI and Elsie Pashi, Debtors.**

**Robert A. BURROUGHS, Plaintiff,**

**v.**

**Nathan PASHI and Elsie Pashi, Defendants.**

**Bankruptcy No. 87–01693. Adv. No. 87–0291A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Jan. 6, 1988.

William R. Parker, Atlanta, Ga., for debtors/defendants.

Carol V. Clark, Cynthia L. Briscoe, McCalla, Raymer, Padrick, Cobb & Nichols, Atlanta, Ga., for plaintiff.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is plaintiff's motion for summary judgment. Plaintiff, Robert A. Burroughs, is a judgment creditor of debtors. Plaintiff alleges that the judgment debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

## FINDINGS OF FACT

The subject debt arose from a judgment for plaintiff against debtors after a jury trial in the State Court of DeKalb County, Georgia. The state court action originated from a transaction on May 30, 1985 involving the sale of real property, in which plaintiff was closing attorney. Debtors, who were purchasers of that property, gave plaintiff their check for $8,462.89. The check was subsequently returned for insufficient funds and debtors then failed to make the check good within the "ten day letter" statutory time provided by Georgia law. Consequently, plaintiff brought the state court action against debtors. Count one of plaintiff's complaint sounded in contract alleging that debtors gave plaintiff a check that was returned for insufficient funds. Count two of the complaint alleged that debtors fraudulently obtained title to real property by giving the bad check.

At trial in the state court, the judge directed a verdict for plaintiff for $8,462.89, the amount of the bad check, and then submitted the case to the jury to consider additional damages. The jury then returned a verdict for plaintiff for $11,500.00, made up of the principal amount of the check and $3,037.11 in additional damages, which verdict was subsequently reduced to judgment.

Debtors filed a Chapter 7 petition on March 4, 1987, prompting plaintiff to bring an adversary proceeding to determine the dischargeability of the judgment debt.

Plaintiff's summary judgment motion is presently before the court.

## CONCLUSIONS OF LAW

■ In ruling on a summary judgment motion, Fed.R.Civ.P. 56, made applicable herein pursuant to Bankruptcy Rule 7056, provides for the granting of a summary judgment if "... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The burden of establishing such right of summary judgment is upon the movant. *Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370, 1372 (11th Cir.1982); *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

■ In determining whether there is a genuine issue of any material fact the court must view the evidence in the light most favorable to the party opposing the motion. *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985); *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir.1984); *BAW Manufacturing Co. v. Slaks Fifth Avenue, Ltd.*, 547 F.2d 928, 930 (5th Cir.1977); *Gross v. Southern Railway*, 414 F.2d 292, 297 (5th Cir.1969). The United States Supreme Court recently addressed the nature of the moving party's burden in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In that decision, the Court held that Rule 56(c) does not require the moving party to negate the claims of the nonmovant but instead requires that the moving party identify those materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Id.* 106 S.Ct. at 2553. In cases in which the moving party will bear the burden of persuasion at trial, that party must present credible evidence using the materials described in Rule 56(c) to support its motion. *See also* Rule 56(e). In addition, the standard of proof that applies to the substantive claim applies on motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Dominick v. Dixie National Life Insurance Co.*, 809 F.2d 1559, 1572 (11th Cir.1987). With the foregoing in mind, the court now considers plaintiff's summary judgment motion.

In this adversary proceeding, plaintiff contends his judgment debt is nondischargeable. Plaintiff asserts that the state court judgment is determinative of the dischargeability issue. The court must thus determine whether the factual issues necessary to the determination of nondischargeability in the case at bar were issues that were actually litigated and necessary for plaintiff's state court judgment.

■ Section 523(a) of the Bankruptcy Code excepts from discharge any debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, ....

A party alleging nondischargeability of a debt under 11 U.S.C. Section 523(a)(2)(A) must prove five basic elements incident to the creation of the debt. These elements are: (1) that the debtor made representations; (2) at the time he made them he knew of their falsity; (3) they were made with the intent and purpose of deceiving the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained loss and damage as a proximate result of the representations having been made. *Citizens & Southern National Bank v. Thomas (In re Thomas)*, 12 B.R. 765, 768 (Bankr.N.D.Ga.1981).

Based on the evidence before it on this summary judgment motion, the court concludes that plaintiff's motion should be denied because plaintiff has not proven all of the requisite elements for nondischargeability. Plaintiff's state court action contained two counts, one sounding in contract and the other based on fraud. It is not clear on which basis the judgment in favor of plaintiff was rendered. If the judgment was based on the contract count, rather than the fraud count, then not all of the requisite elements for nondischargeability based on false pretenses are met. Plaintiff has not submitted with its motion a tran-

script of the state court proceedings.[1] Accordingly, an adequate record to make a nondischargeability determination has not been presented to the court.

 In attempting to establish his case, plaintiff has submitted the affidavit of the jury foreperson, Reverend Albert L. Kendrick; however, the court cannot appropriately consider this affidavit. Fed.R. Evid. 606(b) forbids a juror's testimony regarding matters or statements occurring during the course of the jury's deliberations. The affidavit attempts to do exactly what the rule prohibits. See *Sims' Crane Service v. Ideal Steel Products, Inc.*, 800 F.2d 1553, 1555–56 (11th Cir.1986); *Maldonado v. Missouri Pacific Railway Co.*, 798 F.2d 764, 769–70 (5th Cir.1986); *United States v. Schwartz*, 787 F.2d 257, 261–62 (7th Cir.1986). Plaintiff also submits the affidavit of Carol Clark, lead counsel in the state court action. Ms. Clark's affidavit purports to state what is in the record and what the jury considered in its deliberations. The court cannot accept this affidavit as a substitute for the record in the state court action.

 Based on the foregoing, the court will deny plaintiff's summary judgment motion because plaintiff has failed to establish that there is no genuine issue as to any material fact. In particular, plaintiff has failed to establish the second and third elements of his case, namely that at the time of the representation (the giving of the check) debtors knew of its falsity and that the representation was made with the intent to deceive. Accordingly, it is

ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

---

1. Plaintiff does suggest that the court can look to the state court transcript; however, plaintiff has not provided the court with the transcript.