In re John David HUTCHINSON, Jr., a/k/a J. David Hutchinson, Debtor.

AMERICAN SURETY & CASUALTY CO., Plaintiff,

v.

John David HUTCHINSON, Jr., a/k/a J. David Hutchinson, Defendant.

Bankruptcy No. 94–5342–3P7.
Adv. No. 95–83.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 6, 1996.

Michael J. Ioannou of Mattlin & McClosky, Boca Raton, FL, for plaintiff.

Timothy M. Goan, Palm Coast, FL, for defendant.

### FINDINGS OF FACT AND
### CONCLUSIONS OF
### LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a complaint to determine dischargeability. The complaint alleges that defendant's indebtedness to the plaintiff is a non-dischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). After a trial held on November 14, 1995, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff is a Florida corporation licensed to transact and engage in the marine insurance business.

2. Defendant operated a yacht brokerage business, and his corporation, Adventure Yacht Sales, Inc., served as the listing broker for the sale of a 1986 47 Foot Buddy Davis Sport Fisherman Motor Yacht named "Rock Away" (yacht) from the seller, Emmitt Sheridan, to the buyer, Ernie Small (Small). (Tr. at 28).

3. As the buyer, Small was represented by an independent selling broker, HMY Yacht Sales, Inc. (HMY). (Tr. at 29, 36).

4. On December 11, 1992, Small commissioned a marine survey to determine, *inter alia*, any repairs necessary to render the yacht seaworthy. (Tr. at 29).

5. The survey concluded that the high water alarm system and various bilge pump switches needed repair.

6. As a condition to the sale, Small required that the high water alarm system and the bilge pumps be repaired. Small also required that the fresh water plumbing aboard the yacht be serviced.

7. Defendant and HMY agreed to share the repair costs equally, and defendant hired Frank Thalheimer of Frank's Mobile Marine Service (Thalheimer) to complete the repairs. (Tr. at 30). Defendant provided to Thalheimer a list of the necessary repairs. (Tr. at 31).

8. Thalheimer repaired the bilge pump switches and replaced a leaking fresh water plumbing pipe with clear plastic tubing. (Plaintiff Ex. 2 at 36).

9. Thalheimer checked the high water alarm system but determined that the repair would require extensive electrical testing. Thalheimer concluded that the high water alarm system could not be repaired before the date of the sale, on which Small intended to move the yacht from Daytona Beach, Florida to Port of Palm Beach, Florida. (Tr. at 55).

10. Thalheimer told defendant that the alarm system could not be repaired on time. Defendant and HMY agreed that any repairs not completed in Daytona would be completed when Small docked the boat at Port of Palm Beach. (Tr. at 32–33).

11. Small questioned Thalheimer about the high water alarm system and Thalheimer told him that it did not work. (Plaintiff Ex. 2 at 57, Plaintiff Ex. 3 at 103).

12. On December 21, 1992, Small purchased the yacht. On the same date, plaintiff issued to Small a marine insurance policy to insure the yacht for a period of one year commencing on December 22, 1992. (Plaintiff Brief at 2).

13. Small took possession of the yacht at defendant's place of business on December 22, 1992. Small did not re-test the alarm system before he departed Daytona Beach. (Plaintiff Ex. 3 at 105). After leaving Daytona Beach, Small operated the yacht off the Florida coast in route to the Port of Palm Beach, where he docked for the night. (Plaintiff Brief at 3).

14. During the night of December 22, 1992, the yacht sank while docked at the Port of Palm Beach, Florida. (Tr. 38–39). The salvage report prepared in connection with the incident stated that a fresh water plumbing line had burst, that the bilge pumps could not pump the water out fast enough to stop the sinking, and that the high water alarm system failed to warn anyone of the problem. (Tr. at 38–39, Plaintiff Ex. 3).

15. In accordance with the marine insurance policy, plaintiff advanced to or on behalf of Small costs and expenses related to the salvage and preservation of the yacht. (Plaintiff Brief at 4).

16. Defendant filed for relief under Chapter 7 of the Bankruptcy Code on December 13, 1994. On March 14, 1995, plaintiff commenced this adversary proceeding, seeking to have its claim against defendant declared nondischargeable.

### CONCLUSIONS OF LAW

Plaintiff alleges that defendant fraudulently withheld from Small the fact that the high water alarm system had not been repaired prior to Small's departure from Daytona Beach. Plaintiff further alleges that the costs it incurred as a result of defendant's fraud is a nondischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). In dischargeability proceedings, the plaintiff bears the burden of proof based on the preponderance of the evidence standard. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Under this standard, issues of dischargeability are construed in favor of the debtor. *Cladakis v. Triggiano (In re Triggiano),* 132 B.R. 486, 489 (Bankr.M.D.Fla.1991).

Plaintiff alleges that because it has advanced the value of the insurance policy to Small, it is subrogated to any rights Small might have against the defendant. Neither party raised standing, and for purposes of its judgment, the Court will assume that the plaintiff is entitled to "step into the shoes" of Small to pursue this proceeding.

### I. 11 U.S.C. § 523(a)(2)(A)

Pursuant to 11 U.S.C. § 523(a)(2)(A), a debtor may not discharge a debt obtained by "false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A). This Court has previously held that to prevail under 11 U.S.C. § 523(a)(2)(A), a creditor objecting to dischargeability *must prove each of the following four elements:*

1. The debtor made a false representation with intent to deceive the creditor.

2. The creditor relied on debtor's representation.

3. The creditor's reliance was reasonable.

4. The creditor sustained loss as a result of debtor's representation.

*Mendez v. Cram (In re Cram),* 178 B.R. 537, 540 (Bankr.M.D.Fla.1995).

This Court has also held that nondisclosure or a false statement made in reckless disregard for the truth can be construed as a misrepresentation. *Id.* The fraudulent intent requirement of 11 U.S.C. § 523(a)(2)(A) may be inferred from the totality of the circumstances. *Id. See also Smith v. Cravey (In re Cravey),* 105 B.R.

700, 703 (Bankr.M.D.Fla.1989) (finding that defendant's misrepresentation, nondisclosure of material facts, and deceptive conduct established fraudulent intent under the totality of the circumstances.). Other courts in this district have held that "[a] plaintiff seeking relief under § 523(a)(2)(A) must prove actual fraud...." *Cladakis v. Triggiano (In re Triggiano)*, 132 B.R. 486, 490 (Bankr. M.D.Fla.1991).

■ In cases involving unfulfilled promises, proof of fraud requires the plaintiff to prove "that at the time these promises were made by the [defendant] he either knew that he could not fulfill the promises or he had no intention of fulfilling the promises made." *Selz v. Snyder (In re Snyder)*, 62 B.R. 182, 184 (Bankr.M.D.Fla.1986). In this case, the central fact in dispute is whether the defendant purposefully or intentionally misrepresented to Small that the high water alarm system had been repaired. Defendant and Thalheimer agreed that the repairs could not be completed in Daytona before Small's departure date. Defendant communicated this information to Small's broker, and testified that Small was present during their conversation. (Tr. at 33, 44). Although Small denies having heard this information first hand, the defendant, as a broker, communicated to Small's broker the problems with the repairs.

Small claims that defendant told him all repairs were complete and that Smalls relied on this information in that he would not have moved the boat if he had known the alarm had not been repaired. (Plaintiff Ex. 3 at 105). However, Small testified at deposition that he tested the alarm system and found it inoperative. (Plaintiff Ex. 3 at 103). He then asked Thalheimer if Thalheimer knew why the system did not work. (Plaintiff Ex. 3 at 103). Both Small and Thalheimer testified that Thalheimer told Small that he did not know why the alarm was malfunctioning. (Plaintiff Ex. 2 at 57, Plaintiff Ex. 3 at 103). Small also testified that after he learned that the alarm had not been repaired, he did not test the system again before leaving the dock. (Plaintiff Ex. 3 at 105). Thus, Small knew the alarm system had not been repaired.

Plaintiff's evidence is insufficient to prove that defendant fraudulently concealed from Small that the repairs were incomplete or that he represented to Small that the repairs had been completed before Small departed Daytona Beach. Plaintiff has failed to prove that defendant intentionally made a false misrepresentation to Small, upon which Small, to his detriment, relied. No evidence has been offered to prove that when defendant promised to complete repairs he did not have an intention of fulfilling that promise. Plaintiff's evidence does not show that defendant made any statement with reckless disregard for the truth. Finally, plaintiff produced insufficient evidence to prove that defendant fraudulently failed to disclose to Small that the alarm system had not been repaired.

The Court finds that the debt owed to plaintiff by defendant is dischargeable under 11 U.S.C. § 727 and the debt is not excepted from defendants discharge under 11 U.S.C. § 523(a)(2)(A).

## II. 11 U.S.C. § 523(a)(4)

■ Section 523(a)(4) makes nondischargeable debts resulting from a debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The existence of a fiduciary relationship is determined by federal bankruptcy law rather than state law. *Cladakis v. Triggiano (In re Triggiano)*, 132 B.R. 486, 490 (Bankr.M.D.Fla.1991). This Court has held that § 523(a)(4) applies only when the plaintiff can prove the existence of an express or technical trust. *Mendez v. Cram (In re Cram)*, 178 B.R. 537, 541 (Bankr.M.D.Fla.1995). An express or technical trust exists when "there is a segregated trust res, an identifiable beneficiary, and affirmative trust duties established by contract or by statute." *Cladakis v. Triggiano (In re Triggiano)*, 132 B.R. 486, 490 (Bankr. M.D.Fla.1991). One court has held that "[s]ection 523(a)(4) does not apply to the frauds or defalcations of agents, brokers, or partners 'unless there be some additional fact' sufficient to create a fiduciary responsibility." *Clark v. Taylor (In re Taylor)*, 58

B.R. 849, 852 (Bankr.E.D.Va.1986) (quoting 3 *Collier* § 523.14[1][c]. at 523–109 to 523–110).

The facts and evidence in this case do not prove the existence of an express or technical trust. Defendant served as the listing broker for the sale of the yacht from the owner to Small. Small's portion of the bargain was handled through Small's selling broker, HMY. (Tr. at 29, 36). Defendant testified that he negotiated both the sale and the repair work with HMY, and that he did not directly contact Small. (Tr. at 33). At deposition, Small testified that regarding the repairs, he communicated only with his broker and that he did not know what his broker discussed with the defendant. (Plaintiff Ex. 3 at 52–53). Plaintiff has produced insufficient evidence to prove that defendant acted as a fiduciary for Small. Thus, the plaintiff has failed to prove that a fiduciary relationship existed between defendant and Small. Plaintiff has not proved the existence of an identifiable beneficiary of a segregated res or the establishment of any affirmative trust duties by contract or by statute.

The Court finds that the threshold requirement of § 523(a)(4) has not been met. The debt owed to plaintiff by defendant is dischargeable and is not excepted from defendant's discharge under 11 U.S.C. § 523(a)(4).

### III. 11 U.S.C. § 523(a)(6)

Section 523(a)(6) makes nondischargeable debts "for willful and malicious injury by the debtor to another entity or to the property of another entity...." 11 U.S.C. § 523(a)(6). This Court has held that to except a debt from debtors' discharge under § 523(a)(6), the plaintiff must prove the following elements:

1. Intentional action by the defendant;

2. Done with intent to harm or with reckless disregard of others' rights or without just cause or excuse;

3. Which causes damage (economic or physical) to the plaintiff;

4. The injury is the approximate result of the action by the defendant.

*Alvine v. Keller (In re Keller)*, 72 B.R. 599, 602 (Bankr.M.D.Fla.1987).

One court in this district has held that the plaintiff merely has to prove that the defendant "deliberately and intentionally committed an act which he knew would necessarily injure a cognizable right of the creditor." *Cladakis v. Triggiano (In re Triggiano)*, 132 B.R. 486, 490 (Bankr.M.D.Fla.1991).

In this case, the plaintiff has failed to prove that defendant willfully or maliciously injured Small or his property. The Court has already found that defendant did not intentionally misrepresent to Small that the repairs were complete. Rather, the defendant intended that the repairs would be completed at the Port of Palm Beach as agreed between defendant and Small's broker, HMY. The defendant did not enter the arrangement regarding the repairs with the intent to harm Small or with reckless disregard of Small's rights. Although the damage to the yacht could possibly have been minimized if the alarm system functioned properly, it was not the proximate cause of the accident. The Court finds that the plaintiff has failed to produce sufficient evidence to prove that defendant willfully and maliciously injured Small. The debt owed by defendant to plaintiff is not excepted from the defendants discharge pursuant to 11 U.S.C. § 523(a)(6) and is dischargeable.

### IV. Conclusion

Plaintiff's evidence is insufficient to prove that defendant made a fraudulent misrepresentation to Small, that a fiduciary relationship existed between defendant and Small, or that defendant willfully and maliciously injured Small. Plaintiff has failed to prove the threshold requirements of 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). Thus, the Court finds that the debt owed by defendant to plaintiff is not excepted from defendant's discharge and is dischargeable pursuant to 11 U.S.C. § 727. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

### JUDGMENT

This proceeding came before the Court upon a complaint to determine dischargeability. Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1.  Judgment is entered in favor of the defendant, John David Hutchinson, Jr., and against the plaintiff, American Surety & Casualty Co.

2.  The debt owed by defendant to plaintiff is dischargeable pursuant to 11 U.S.C. § 727, and is not excepted from the discharge under 11 U.S.C. §§ (a)(2)(A), (a)(4), or (a)(6).