**In re William T. THOMAS and Betty A. Thomas, Debtors.**

**John BROPSON, Plaintiff,**

v.

**William T. THOMAS and Betty A. Thomas, Defendants.**

**Bankruptcy No. 96–5592–3P7. Adversary No. 97–3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 12, 1998.

Kevin Palley, Ocala, FL, for Plaintiff.

Richard W. Hennings, Tavares, FL, for Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

The plaintiff filed this adversary proceeding seeking an exception to the defendants' discharge pursuant to 11 U.S.C. § 523(a)(2)(A).[1] A trial was held on October 27, 1997, and upon the evidence presented the Court enters the following

Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Defendant, Betty Thomas (Owner), was the owner of a used car lot located in Wildwood, Sumter County, Florida, at all times relevant to this adversary proceeding. The car lot was known as Auto Mart of Wildwood ("Auto Mart"), and was managed by the defendant, William Thomas (Manager).

2. The manager frequently attended auto auctions at which he purchased vehicles to be placed on Auto Mart's lot.

3. In August, 1995, the plaintiff began visiting Auto Mart on a regular basis. During his visits, the plaintiff sat outside and observed the activities on the lot.

4. In November, 1995, the plaintiff attended his first auto auction with the manager.

5. Due to the lack of an automobile dealer's license, the plaintiff was unable to purchase vehicles at the auctions.

6. In April, 1996, after several months of accompanying the manager to the auto auctions, the plaintiff entered into an oral purchase arrangement with the manager.

7. Pursuant to the agreement, the plaintiff agreed to loan money to the manager to enable the manager to purchase motor vehicles at the auctions for resale at the lot.

8. The terms of the agreement required the manager to reimburse the plaintiff for the money he contributed for a specific vehicle once that vehicle was sold. Any remaining profit was to be split equally between the plaintiff and Manager.

9. On April 25, May 1, and May 6, 1996, the plaintiff loaned the manager $5610.00, $4310.00, and $5240, respectively.

10. On May 7, 1996, the manager paid the plaintiff $1229.00 in accordance with their agreement.

11. The plaintiff made another loan to the manager on May 10, 1996, in the amount of $2460.00, and received $210.00 from the manager on May 13, 1996.

12. On May 14, and May 16, 1996, the plaintiff made additional loans of $7675.00, and $7500.00.

13. The plaintiff received a $500.00 payment on May 21, 1996.

14. Plaintiff made his final loan to the manager on June 4, 1996, in the amount of $5000.00. He received his final payment from the manager on June 25, 1996, for $500.00.

---

1. The first paragraph of the complaint states that this action was brought to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2)(A). In paragraph 11, the plaintiff states that the defendants committed fraud, causing their debt to the plaintiff to be nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(4). The prayer for relief also includes a reference to § 523(a)(4). Relying on the first paragraph of the complaint, the use of the term fraud, and Plaintiffs Memorandum of Law, which speaks only to § 523(a)(2)(A), the Court deems the references to § 523(a)(4) in the complaint to be typographical errors. Therefore, the Court proceeds on the basis that Plaintiff seeks relief pursuant to 11 U.S.C. § 523(a)(2)(A).

15. The plaintiff loaned a total amount of $37,795.00 to the manager, of which $2439.00 has been repaid.

16. Throughout the period of time Plaintiff made loans to the manager, the manager used the proceeds from the vehicles sold from the lot to pay general operating expenses.

17. In July or August, 1996, the manager began the process of closing the lot and liquidating the vehicles. None of the proceeds of the liquidated vehicles were remitted to the plaintiff.

18. On September 12, 1996, the defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

19. This adversary proceeding was filed on January 6, 1997, in which Plaintiff seeks to have his claim against the defendants declared nondischargeable.

### CONCLUSIONS OF LAW

The plaintiff contends that the defendants fraudulently induced him into loaning money to them by making false statements concerning their intention to repay the loans. Specifically, Plaintiff asserts that the defendants promised to repay the loans while simultaneously intending to close the lot without reimbursing the plaintiff. Plaintiff's claim is predicated upon the assertion that the money he loaned the defendants is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

■ (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (1997). To prevail under this section, the plaintiff must establish that:

1. the debtor made a false representation with the purpose and intention of deceiving the creditor;

2. the creditor relied on the debtor's representation;

3. the creditor's reliance on the false statement was justifiably founded; and,

4. the creditor was damaged as a result of the false statement.

*Fuller v. Johannessen (In re Johannessen),* 76 F.3d 347, 350 (11th Cir.1996). The plaintiff bears the burden of proving the above elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

■ The fraudulent intent necessary to succeed on a claim under § 523(a)(2)(A) need not be shown by direct evidence, but may be inferred from the totality of the circumstances. *American Sur. & Cas. Co. v. Hutchinson (In re Hutchinson),* 193 B.R. 61, 64 (Bankr.M.D.Fla.1996) (citing *Mendez v. Cram (In re Cram),* 178 B.R. 537, 540 (Bankr.M.D.Fla.1995.)). The reliance requirement is one of justifiable, as opposed to reasonable, reliance. *Field v. Mans,* 516 U.S. 59, 74–75, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995.). Whether or not reliance is justifiable turns upon " 'an individual standard of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case.' " *Id.* at 72, 116 S.Ct. at 444 (quoting W. Prosser, Law of Torts § 108, p. 717 (4th ed.1971.)).

■ Proof of fraud in cases involving unfulfilled promises requires the plaintiff to show that at the time the promises were made, the defendant knew he could not fulfill them, or had no intention of fulfilling them. *In re Hutchinson,* 193 B.R. at 65 (citing *Selz v. Snyder (In re Snyder),* 62 B.R. 182, 184 (Bankr.M.D.Fla.1986)). When entering into an agreement, a defendant implicitly represents that he will fulfill the promises therein. *See Faw v. Wiles (In re Wiles),* 166 B.R. 975, 979 (Bankr.M.D.Fla.1994) (citing *In re Fenninger,* 49 B.R. 307 (Bankr.E.D.Pa.1985)). Consequently, fraudulent intent may be es-

**654**

tablished by proof that the defendant entered into a contract intending to default. *Id.*

 Regarding Owner, the Court finds that the plaintiff has failed to produce any evidence demonstrating that the owner made any false representations to the plaintiff which induced the plaintiff to loan money to the manager. The evidence introduced at trial indicates that the owner's only involvement in the business dealings between Plaintiff and Manager was her issuance of the checks to the plaintiff in repayment of the loan. Moreover, Plaintiff concedes that the owner was no longer involved in the management of the lot at the time the plaintiff and the manager entered into the loan agreement. (Pl.'s Findings of Fact and Conclusions of Law ¶ 8.) Plaintiff has clearly not shown any of the elements of fraud with respect to the owner.

 The plaintiff alleges that he made the various loans to the manager based on the manager's repeated statements that the plaintiff would be reimbursed. According to the plaintiff, however, the manager never had any intention of repaying the loans. Plaintiff further claims that he justifiably relied on the representations made by the manager in making the first few loans, and justifiably relied on the statements, as well as the checks he received, in making the last few loans. The Court disagrees and finds that the plaintiff has failed to prove the elements of § 523(a)(2)(A).

The plaintiff's evidence is insufficient to prove that the manager knew he could not, or did not intend to, repay the loans when he entered into the loan agreement with the plaintiff. Although Plaintiff asserts that the manager intended to close the lot at the time of the agreement, and therefore had no intention of repaying the loans, there was no evidence presented at trial from which that intent could be inferred.

 Even if the plaintiff could prove a false representation made with the intent to deceive, the plaintiff's reliance on the representation was not justifiable. This is not a situation in which a sophisticated business-man enticed an uneducated novice into a bad deal. On the contrary, the plaintiff in this proceeding has a degree in accounting and has experience in business, including the car lot business.

Unfortunately, the plaintiff made a bad investment and used poor judgment in continuing to make loans to the manager when the original loans were not being repaid pursuant to the terms of their agreement. There is no doubt that the manager possessed extremely inadequate business skills and used the proceeds obtained from the sale of the lot's vehicles to pay his own business expenses rather than to repay the plaintiff's loans. However, these grounds do not amount to fraud and are not sufficient for an exception to discharge under § 523(a)(2)(A).

## CONCLUSION

The debt owed to plaintiff by the defendants is not excepted from the defendants' discharge under 11 U.S.C. § 523(a)(2)(A). A separate judgment, consistent with these Findings of Fact and Conclusions of Law, will be entered.