In re Jerry Dwayne GIBSON and Delynn Gibson, Debtors.

Matthew Gelfand and Laura Gelfand, Plaintiffs,

v.

Jerry Dwayne Gibson and Delynn Gibson, Defendants.

Bankruptcy No. A09–23929–REB. Adversary No. 10–2077.

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Aug. 30, 2010.

228

Matthew R. Brooks, Troutman Sanders LLP, Atlanta, GA, for Plaintiffs.

Bob J. Phillips, B. Phillips & Associates PC, Cumming, GA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Defendant–Debtors for summary judgment filed on May 5, 2010 regarding the claims set forth in the complaint of Plaintiffs who commenced this adversary proceeding on March 15, 2010. Based upon a review of Debtors' motion and Plaintiffs' response thereto, the Court concludes that the motion should be denied.

In the motion, Debtors argue that they are entitled to summary judgment on Plaintiffs' claim of nondischargeability of an indebtedness owed by Debtors to Plaintiffs as well as Plaintiffs' claim objecting to Debtors' discharge. As set forth in the complaint, Plaintiffs seek relief under 11 U.S.C. § 523(a)(2)(A) and contend that Debtors received the loan in question, and obtained extensions thereof, under false pretenses, based on false representations, and/or through actual fraud. In addition, Plaintiffs object to Debtors' discharge under 11 U.S.C. § 727(a)(2), (a)(3), and (a)(4) arising from an alleged failure to disclose certain assets, explain the loss of equity, concealing property, concealing records, and knowingly making false representations under oath. In their motion, Debtors contend that Plaintiffs have failed to allege facts or present evidence sufficient to support their claims for relief in this matter, and/or failed to allege with sufficient particularity their claim of fraud, and, therefore, that Debtors are entitled to summary judgment. Based upon a review of the record and the elements needed to establish an entitlement to a judgment under Section 523(a)(2)(A) as well as Section 727(a)(2), (a)(3), and (a)(4), however, the

Court concludes that Debtors are not entitled to the relief requested.

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed. R. Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment under Fed.R.Civ.P. 56(c). The court cannot weigh the evidence or choose between competing inferences. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997). Once a party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or concluso-ry allegations, but must go beyond the pleadings and designate, through proper evidence, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 948–49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993).

To succeed under Section 523(a)(2)(A), Plaintiffs must show that Debtors committed positive or actual fraud involving moral turpitude or intentional wrongdoing.[1] Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr.S.D.Fla. 1992); *see also Burroughs v. Pashi (In re Pashi)*, 88 B.R. 456, 458 (Bankr.N.D.Ga. 1988). Hence, under Section 523(a)(2)(A), the following must be established: (1) that the Debtors obtained money, property, or credit from Plaintiffs; (2) by false representation, pretense, or fraud knowingly made or committed; (3) with the intent to deceive the Plaintiffs or to induce them to act upon same; (4) upon which Plaintiffs justifiably relied; and (5) which proximately resulted in injury or loss to Plaintiffs. *Vann*, 67 F.3d 277. Simply stated, this provision targets deceit or artifice arising from a specific intent to mislead, trick, or

---

1. Section 523(a)(2)(A) provides in pertinent part as follows:

   (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

   (A) false pretenses, a false representation, or actual fraud, other than a statement re-specting the debtor's or an insider's financial condition....

   11 U.S.C. § 523(a)(2)(A). These elements must be proven by a preponderance of the evidence. *See League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr.N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir.1995).

cheat a creditor. In addition, intent to deceive may be proven by circumstantial evidence.

■ Based upon a review of the complaint, the Court concludes that Plaintiffs have pled sufficient allegations to warrant a denial of Debtors' motion for summary judgment. Additionally, a genuine dispute exists on the issue whether Debtors had the requisite intent to defraud Plaintiffs at the time of the loan and/or extensions. In the case of a broken promise, the failure to repay a loan does not in and of itself establish fraud under Section 523(a)(2)(A). Rather, it must be shown that Debtors entered into the loan agreement and/or extensions either knowing that they could not perform according to its terms, or that they did not intend to so perform as they agreed. *See Bropson v. Thomas (In re Thomas),* 217 B.R. 650, 653 (Bankr. M.D.Fla.1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson),* 193 B.R. 61, 65 (Bankr.M.D.Fla.1996). The Court further observes that issues of intent or state of mind or fraud are typically not appropriate for disposition on summary judgment, and, therefore, the Court concludes it would not be appropriate to make such finding on the present record. Given the nature of the remedy sought herein, and the difficulty in ascertaining subjective intent and its general unsuitability to summary disposition, the Court must hear Debtors' testimony and observe their demeanor under examination before making any findings concerning allegations concerning their intent with respect to the underlying loan transaction and extensions.

■ The allegations set forth under the subsections Plaintiffs rely in objecting to Debtors' discharge herein require similar elements of proof regarding knowledge, intent, and fraud. The ground for objecting to discharge under Section 727(a)(2)(A)

requires that Debtors "with intent to hinder, delay, or defraud a creditor ... transferred, removed, destroyed, mutilated, or concealed—... (A) property of the debtor, within one year before the date of the filing of the petition...." Relief under Section 727(a)(3) will be granted if a debtor "has concealed, destroyed, mutilated, falsified, or failed to keep or preserve" sufficient recorded information from which his financial condition or business transactions might be ascertained, unless the failure to do so was justified. An objection based on Section 727(a)(4) precludes issuance of a discharge when a debtor knowingly and fraudulently, in or in connection with the case, makes a false oath or account as to a material fact relating to a debtor's business transactions or the existence and disposition of assets or the discovery thereof. *See Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir. 1984).

In sum, Plaintiffs have set forth sufficient allegations in their complaint and Debtors have not established that there is no genuine issue of material fact or that they are entitled to summary judgment on the complaint herein as a matter of law with regard to the causes of action of Plaintiffs as pled under Section 523(a)(2)(A) and Section 727(a)(2), (a)(3), and (a)(4), and entry of summary judgment in Debtors' favor is, therefore, not appropriate.

Accordingly, it is

**ORDERED** that the motion of Defendant–Debtors for entry of summary judgment on Plaintiffs' complaint be, and the same hereby is, **denied.**

All parties herein are directed to cooperate in discovery and preparation of this matter for trial, which will be set by separate written notice.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiffs, counsel for Defendant–Debtors, the Chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**