**In re Hannah Hyun LEE and Leo Richard Lussier, Debtors.**

**FIA Card Services NA f/k/a MBNA America Bank NA, Plaintiff,**

**v.**

**Hannah Hyun Lee, Defendant.**

**Bankruptcy No. G09–21406–REB. Adversary No. 09–2080.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Jan. 31, 2011.

Elizabeth H. Parrott, Nashville, TN, for Plaintiff.

Hannah Hyun Lee, Duluth, GA, pro se.

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Plaintiff named above for summary judgment as filed on August 3, 2010. Plaintiff commenced this matter by filing a complaint against Defendant–Debtor on July 19, 2010 and Debtor responded to Plaintiff's motion on August 27, 2010. Based upon a review of the record, the Court concludes that Plaintiff's motion should be denied.

In the motion, Plaintiff contends that it is entitled to summary judgment on the issue of nondischargeability of an indebtedness owed by Debtor to Plaintiff based upon a series of retail charges, totaling $2,730.00, and cash advances and/or convenience check charges in the amount of $10,753.00. As set forth in the complaint, Plaintiff seeks relief under 11 U.S.C. § 523(a)(2) contending that $4,730.00 of these charges were made within the presumption period of Section 523(a)(2)(C) and further, that each time Debtor used her credit line she misrepresented her ability to repay said advances and made same with the intent and purpose of deceiving Plaintiff, upon which Plaintiff justifiably relied to its detriment in the total sum of $13, 483.00. In support of its motion, Plaintiff states that Debtor's schedules reflect that she lacked an ability to repay same based on her income and expenses and that Debtor has admitted making the charges in issue. In her response, while Debtor does not deny making these

charges, she does dispute that she incurred same with an intent not to repay them but filed this bankruptcy case because she does not have the means to satisfy these obligations to Plaintiff.

Based upon a review of the record and the elements needed to establish an entitlement to a judgment under Section 523(a)(2), this Court concludes that Plaintiff is not entitled to the relief requested on its motion. Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed. R. Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v.*

*Kury*, 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment under Fed.R.Civ.P. 56(c), applicable herein through Fed. R. Bankr.P. 7056. The court cannot weigh the evidence or choose between competing inferences. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir.1997).[1]

▉ To succeed under Section 523(a)(2)(A), Plaintiff must show that Debtor committed positive or actual fraud involving moral turpitude or intentional wrongdoing.[2] Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr.S.D.Fla. 1992); *see also Burroughs v. Pashi (In re Pashi)*, 88 B.R. 456, 458 (Bankr.N.D.Ga. 1988).[3] Hence, under Section 523(a)(2)(A),

---

1. Once the party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 948–49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993).

2. Section 523(a)(2)(A) provides in pertinent part as follows:
   (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....
   11 U.S.C. § 523(a)(2)(A). These elements must be proven by a preponderance of the evidence. *See League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr.N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir.1995).

3. Reckless disregard for the truth or falsity of a statement can also supply the necessary basis for a determination of nondischargeability under this provision in the proper circumstances. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985).

the following must be established: (1) that the Debtor obtained money, property, or credit from Plaintiff; (2) by false representation, pretense, or fraud knowingly made or committed; (3) with the intent to deceive the Plaintiff or to induce it to act upon same; (4) upon which Plaintiff justifiably relied; and (5) which proximately resulted in injury or loss to Plaintiff. *Vann,* 67 F.3d 277. Simply stated, this provision targets deceit or artifice arising from a specific intent to mislead, trick, or cheat a creditor. In addition, intent to deceive may be proven by circumstantial evidence.

■ Pursuant to Section 523(a)(2)(C), consumer debts "for luxury goods or services" exceeding $550.00 incurred on or within 90 days of bankruptcy and cash advances exceeding $825 on or within 70 days of bankruptcy are presumed to be nondischargeable. This presumption may be overcome by Debtor by showing that she experienced a change in her situation or that she was not contemplating seeking bankruptcy relief or without a sincere intent to pay for what she received on credit at the time of said transactions. *See Sears, Roebuck & Co. v. Green (In re Green),* 296 B.R. 173, 179–80 (Bankr. C.D.Ill.2003); *see also Nationwide Nw. Ltd. P'ship v. Andersen (In re Andersen),* 2007 WL 2848405 (Bankr.W.D.Wash. Mar.8, 2007); *cf. Citibank (S.D.), N.A. v. Kim (In re Young Song Kim),* 2005 WL 6488989 (Bankr.N.D.Ga. Mar. 14, 2005); *accord Citibank (SD.), N.A. v. Spradley (In re Spradley),* 313 B.R. 119, 128 (Bankr. E.D.N.Y.2004).

■ Based upon a review of the motion and other pleadings of record, the Court concludes that with regard to summary judgment, a genuine dispute exists on the issue whether Debtor had the requisite intent to defraud Plaintiff at the time of the transactions in question. In the case of a broken promise to pay, the failure to repay a loan does not in and of itself establish fraud under Section 523(a)(2)(A). Rather, it must be shown that Debtor entered into the transaction either knowing she could not perform or did not intend to perform according to the terms of the agreement. *See Bropson v. Thomas (In re Thomas),* 217 B.R. 650, 653 (Bankr. M.D.Fla.1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson),* 193 B.R. 61, 65 (Bankr.M.D.Fla.1996). The Court further observes that issues of intent or state of mind or fraud are typically not appropriate for disposition on summary judgment. Finally, although some of the charges and advances at issue appear to come within the presumption period, as noted above Debtor may seek to rebut same.

Given the nature of the remedy sought herein, and the difficulty in ascertaining subjective intent and its general unsuitability to summary disposition, the Court must hear Debtor's testimony and observe her demeanor under examination before making any findings concerning allegations concerning her intent with respect to the underlying transactions. Therefore, upon review of the record and the argument and citation of authority presented in the briefs, the Court concludes Plaintiff has not established that there is no genuine issue of material fact and that it is entitled to summary judgment on its complaint herein as a matter of law, and thus entry of summary judgment in favor of Plaintiff on grounds of Section 523(a)(2) is not appropriate.

Accordingly, it is

**ORDERED** that the motion of Plaintiff for summary judgment be, and the same hereby is, **denied.**

This matter will be set for trial by separate written notice.

The Clerk is directed to serve a copy of this Order upon counsel for Plaintiff, Defendant–Debtors, the Chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**