## 18425. POPE v. SHIPP.

STEPHENS, J. . 1. Where, on the hearing of a motion for a new trial, the respondent moves to dismiss the motion, upon the ground that the movant has not presented for approval a brief of the evidence within

the legally required time, and the movant thereupon moves to continue the hearing until sufficient time has elapsed to permit the preparation of a brief of the evidence, and where the court afterwards, upon a consideration of both the motion to continue and the motion to dismiss, overrules the motion to continue and sustains the motion to dismiss and dismisses the motion for a new trial, upon the ground that no brief of evidence has been filed, an assignment of error which recites that "to which said order dismissing said motion . . movant in said motion excepted, excepts, and now assigns the same as error, and for grounds of such error says that the order dismissing said motion for a new trial was contrary to law because under the facts herein above set forth the dismissal of said motion was an abuse of the discretion resting in the judge of said court before whom said motion came on to be heard," presents for consideration only the question as to the legality of the order dismissing the motion for a new trial upon the ground that no brief of evidence has been filed, and does not present for consideration the question as to the legality of the ruling of the trial judge in overruling the respondent's motion to continue the hearing until a later date in order to give the movant an opportunity to present for approval a brief of the evidence.

2. Nevertheless, it appears that the trial judge did not err in refusing to continue the hearing on the motion for a new trial. The motion to continue having been made by the movant in the motion for a new trial upon the date set for the hearing of the motion for a new trial, upon the ground that the movant, by reason of certain negotiations between the attorneys for the movant and the attorneys for the respondent, looking towards a settlement of the controversy, had not had sufficient time to prepare and present for approval a brief of the evidence, and it appearing from the evidence adduced upon the motion to continue that the judge was authorized to infer that the movant had had sufficient time to prepare and present for approval a brief of the evidence, and that nothing in the negotiations between the attorneys showed that the movant was prevented from preparing and presenting the brief of evidence by anything attributable to the attorneys for the respondent or to the respondent himself, the trial judge was authorized to find against the motion to continue.

3. Where, upon the hearing of a motion for a new trial, it appears that a brief of the evidence has not been presented within the legally required time, it is proper to dismiss the motion. *Mott* v. *Koch*, 7 *Ga. App.* 239 (66 S. E. 553) ; *Guthrie* v. *Hendley*, 8 *Ga. App.* 101 (68 S. E. 654) ; *Davis* v. *State*, 8 *Ga. App.* 711 (70 S. E. 148).

4. The plaintiff's petition as amended sets out a cause of action. The amendments contain allegations in elaboration of the allegations of the original petition, and are not subject to demurrer upon the ground that they set out a new cause of action, or that they contain matter irrelevant and not germane to the plaintiff's case as set out in the original petition.

5. A judgment of a court stands with full force and efficacy until it has been reversed or set aside. The mere pendency of a motion for a new trial can in no way affect the force and efficacy of the judgment to

which the motion relates. It follows that an amendment offered by the plaintiff, in which a certain judgment between the same parties in a former litigation is pleaded as res judicata of certain defenses pleaded by the defendant, did not fail to constitute a good and sufficient plea of res judicata by reason of its appearing that a motion for a new trial, to set aside the judgment pleaded, was still pending and undisposed of.

6. The judgment overruling the motion to continue and the judgment dismissing the defendant's motion for a new trial, and the rulings of the trial court previously made in overruling the defendant's demurrers to the petition and the amendment thereto and to the petition as amended, were not error.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 29, 1928.

*B. W. Fortson, W. A. Slaton,* for plaintiff in error.
*C. E. Sutton, Earl Norman,* contra.