**In re George Dalyn HOUSER, Debtor.**

**Loretta Terhune, individually and as Administrator of the Estate of Morris Ellison, Deceased, Plaintiff,**

v.

**George Dalyn Houser, Defendant.**

**Bankruptcy No. 10–43407–MGD.
Adversary No. 10–4095.**

United States Bankruptcy Court,
N.D. Georgia,
Rome Division.

Oct. 29, 2011.

Brian R. Cahn, Perrotta, Cahn & Prieto, P.C., Cartersville, GA, for Plaintiff.

George M. Geeslin, Atlanta, GA, George D. Houser, Sandy Springs, GA, for Defendant.

Dennis J. Connolly, Alston & Bird LLP, Atlanta, GA, for Trustee.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MARY GRACE DIEHL, Bankruptcy Judge.

Plaintiff seeks a non-dischargeability determination against this Chapter 7 Debtor for the $37 million dollar jury verdict awarded to Plaintiff in a pre-petition state court suit. Plaintiff filed the state court action against Debtor and ten other corporate defendants, asserting that her father died as a result of receiving inadequate care while residing at one of the nursing homes, which was a named corporate defendant. Defendants were deemed liable on all counts, and Plaintiff's award included $35 million in punitive damages. Now, Plaintiff seeks to use issue preclusion to establish non-dischargeability of this debt in Debtor's individual bankruptcy case. The application of collateral estoppel is not proper here, as detailed below, and Plaintiff's motion for summary judgment is denied.

Loretta Terhune ("Plaintiff") filed a Motion for Summary Judgment ("Motion"), seeking a non-dischargeability determination under 11 U.S.C. § 523(a)(4)[1] and (a)(6). (Docket No. 8). Debtor's legal theory is based on collateral estoppel. She seeks to use a September 3, 2010 jury verdict against numerous defendants, including George Dalyn Houser ("Debtor"), in a multiple count suit in the Superior Court of Floyd County, Georgia to satisfy the elements of her § 523(a)(4) and (a)(6) non-dischargeability claims.[2] Debtor filed a Response and Plaintiff filed a Reply. (Docket Nos. 14 & 16). Debtor also objected to Plaintiff's use of Theresa Hegstetter, R.N.'s Affidavit as an Exhibit. (Docket No. 15).

Jurisdiction over this action is set forth in 28 U.S.C. §§ 157(b) and 1334(b). The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and venue is proper.

### I. Facts

The undisputed material facts are that Plaintiff filed a pre-petition state court complaint against Debtor and other defendants, alleging that the defendants' acts and omissions caused the death of Plaintiff's father while in the care of some of the selected defendants. (Plaintiff's Exhibit A). Debtor allegedly failed to comply with discovery rules and court orders, and the state court judge struck Debtor's answer.[3] (Plaintiff's Statement of Undisputed Facts, ¶ 5).[4] Either a default judgment was entered (Docket No. 14, p. 21, ¶¶ 10 & 11) or all of the complaint's alleged facts were deemed admitted; therefore, all the state court defendants were liable on all counts set out in the complaint (Plaintiff's Statement of Undisputed Facts, ¶ 6).[5] A jury

---

1. Although the jury verdict (Plaintiff's Exhibit B) and the Plaintiff's Statement of Facts reference that defendants were entrusted with funds and those funds were diverted for improper personal use, upon review of the complaint, the complaint (Plaintiff's Exhibit A) doesn't include such allegations.

2. Plaintiff's Motion also mentions a § 523(a)(2)(A) count (Docket No. 8, part 1), but this claim is not asserted in the brief in support and, in light of the Court's ruling, there is no basis, at this procedural stage, to award Plaintiff judgment as to a § 523(a)(2)(A) claim.

3. Plaintiff's Statement of Facts uses Defendant and Defendants interchangeably. The record is not clear as to how many answers were filed by the state court defendants.

4. Debtor contests the reason the answer was stricken. (Docket No. 14, Houser Affidavit, page 5). This dispute is not material.

5. The manner that liability was imposed on defendants is not a material dispute of fact.

trial for damages was completed post-petition after this Court entered an Order modifying the stay to allow the Plaintiff to conclude the pending state court litigation. (Case No. 10–43407; Docket No. 10).

The jury verdict has been included in the record. (Plaintiff's Exhibit B). The verdict form was prepared by Plaintiff's state court counsel. The verdict form provided six subcategories of damages and listed three statements. Each statement was followed by a "Yes" and "No". The jury returned a verdict awarding Plaintiff $37,842,179.11. This award included a $35 million award for punitive damages. The jury also selected "Yes" for the following statements: (1) "that Defendants [sic] acts or omissions exhibited a specific intent to cause harm O.C.G.A. § 51–12–5.1(f)"; (2) "that Defendants' violations of the Fair Business Practices Act were intentional. O.C.G.A. § 10–1–390 *et seq.*"; and (3) "that Defendants were entrusted with funds intended for patient care, and diverted those funds for personal or other use in breach of fiduciary duty. 11 U.S.C. § 523." (Plaintiff's Exhibit B).[6] On August 30, 2011, defendants in the state court action filed a motion for a new trial or, alternatively, a motion for judgment notwithstanding the verdict. (Docket No. 17; part 2, pages 10–29).[7]

## II. Legal Standards

### A. The Summary Judgment Standard

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, incorporating Federal Rule of Civil Procedure

Rule 56, a grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the "initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (internal quotation marks omitted); *accord, e.g., Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1303 (11th Cir.2009). The court must resolve a motion for summary judgment by viewing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985); *Lubin v. Cincinnati Ins. Co.,* No. 1:09–CV–2985–RWS, 2010 U.S. Dist. LEXIS 133794, 2010 WL 5313754, at *4 (N.D.Ga. Dec. 17, 2010) (citing *Patton v. Triad Guar. Ins. Corp.,* 277 F.3d 1294, 1296 (11th Cir.2002)).

Plaintiff's Motion does not establish that she is entitled to judgment as a matter of law. Plaintiff has neither established that the jury verdict entitles Plaintiff to use the verdict for its preclusive effect, nor has she established the requisite elements of § 523(a)(4) or (a)(6) claims. Debtor's Re-

---

**6.** Plaintiff's Statement of Facts does not accurately characterize the jury verdict and the complaint. The Statement of Facts imprecisely identifies findings as to Defendant Houser when the jury verdict and the complaint largely refer to Defendants collectively.

**7.** Debtor filed a lengthy docket entry on September 8, 2011 with subparts that are not in any sequential order. Part 2 includes what seems to be a copy of a two-part motion for a new trial. This motion indicates that Debtor first filed a motion for a new trial on October 10, 2010, which may have been denied in some form. (Docket No. 17, part 2, page 11).

sponse and the attached affidavit by Debtor dispute material facts on which Plaintiff relies.

## B. Non-dischargeability Standards

■ Exceptions to discharge must be construed narrowly, *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994); *Matter of Cross*, 666 F.2d 873, 880–81 (5th Cir. Unit B 1982); *Carlan v. Dover (In re Dover)*, 185 B.R. 85, 88 (Bankr.N.D.Ga.1995), and the burden is on the party seeking nondischargeability to prove by a preponderance of the evidence that such an exception is warranted. *Lewis v. Lowery (In re Lowery)*, 440 B.R. 914, 921 (Bankr.N.D.Ga.2010) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

### 1. 11 U.S.C. § 523(a)(6)

■ Section 523(a)(6) excepts from discharge an individual's debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Under this section, "willful" acts are those that are "deliberate or intentional," S. Rep. No. 95–989, at 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865; H.R. Rep. No. 95–595, at 365 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320, and a showing of mere recklessness does not establish willfulness. *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 978, 140 L.Ed.2d 90 (1998); *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 989 (11th Cir.1989) (citing *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262–63 (11th Cir.1988)); *Fincher v. Holt (In re Holt)*, 173 B.R. 806, 812 (Bankr. M.D.Ga.1994) (quoting *Chrysler Credit Corp. v. Smith (In re Smith)*, 143 B.R. 284, 291 (Bankr.M.D.Ga.1992)).

■ The legislative history on the term "willfulness" refers to a deliberate and intentional act that necessarily leads to injury. H.R. Rep. No. 595, 95th Cong., 1st Sess. 365 (1977). "Malicious" acts under this section are "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." *Matter of Holt*, 173 B.R. 806, 812 (Bankr.M.D.Ga.1994). Courts have held that a wrongful act done intentionally, which necessarily produces harm or which has a substantial certainty of causing harm and is without just cause or excuse, is "willful and malicious" within the meaning of section 523(a)(6). *See In re Walker*, 48 F.3d 1161, 1164 (11th Cir.1995); *accord Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 37 C.B.C.2d 1370 (1st Cir.1997) (collecting cases).

### 2. 11 U.S.C. § 523(a)(4)

■ Section 523(a)(4) excepts from discharge debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Although § 523(a)(4) establishes an exception to dischargeability for debts for "defalcation while acting in a fiduciary capacity," this exception is a narrow one. *Guerra v. Fernandez–Rocha (In re Fernandez–Rocha)*, 451 F.3d 813, 816 (11th Cir.2006). "The Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts." *Quaif v. Johnson*, 4 F.3d 950, 953 (11th Cir.1993) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), and other Supreme Court cases interpreting previous versions of the § 523(a)(4) exception, but noting that all versions have referred to "defalcation" and to "fiduciary capacity" or "fiduciary character"); *see Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir.2005) (noting that the term "fiduciary capacity" is construed more narrowly in the context of § 523(a)(4) than in other

circumstances); *see also Lee–Benner v. Gergely (In re Gergely)*, 110 F.3d 1448, 1450–51 (9th Cir.1997) (noting that the doctor-patient relationship does not create a fiduciary relationship for purposes of § 523(a)(4)).

## C. The Applicable Legal Standard for Collateral Estoppel or Issue Preclusion

 The doctrine of collateral estoppel prohibits re-litigation of issues already adjudicated by a valid and final judgment of another court. *In Re Bilzerian*, 100 F.3d 886 (11th Cir.1996). In determining whether the doctrine of collateral estoppel applies in a particular case, the bankruptcy court applies the law of the court issuing the prior judgment. *Id.* The prior judgment in this case was issued by a Georgia court and, therefore, the application of Georgia law is needed to determine if collateral estoppel bars re-litigation under the present circumstances.

 "Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions." *Wickliffe v. Wickliffe Co., Inc.*, 227 Ga.App. 432, 433, 489 S.E.2d 153 (1997). A judgment used as a basis for applying the doctrine of collateral estoppel must be a final judgment. *E.g., Greene v. Transport Ins. Co.*, 169 Ga.App. 504, 506, 313 S.E.2d 761 (1984). Under Georgia law, the following elements are also required to establish a claim of collateral estoppel: 1) There must be an identity of issues between the first and second actions; 2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; 3) determination of the issue must have been essential to the prior judgment; and 4) the party to be estopped must have had a full and fair opportunity to litigate in the course of the earlier proceeding. *In re*

*Graham*, 191 B.R. 489, 495 (Bankr.N.D.Ga. 1996).

## III. Discussion

Plaintiff asserts that the doctrine of collateral estoppel allows her to use the state court jury verdict to establish non-dischargeability of the debt. Debtor opposes Plaintiff's ability to assert collateral estoppel based on the "actually and necessarily litigated" requirement. Debtor argues that because the state court struck Mr. Houser's answer and defenses, the issues were not actually litigated in the prior court proceeding. The effect of the state court action was that Mr. Houser was deemed liable and the jury trial was reserved only for a determination of damages. Georgia courts have long recognized default judgments as a decision on the merits. *E.g., Butler v. Home Furnishing Co.*, 163 Ga.App. 825, 296 S.E.2d 121 (1982). However, a determination of whether the generally applicable law on default judgments applies to the facts surrounding this prior proceeding—where Debtor's answer was struck and the defendants were deemed liable—is not required because Plaintiff's application of collateral estoppel fails for other reasons, as set forth below.

The Eleventh Circuit Court of Appeals, in *In re St. Laurent*, provides a succinct explanation of how collateral estoppel applies in dischargeability proceedings when a prior state court judgment is at issue:

Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in an earlier case. Collateral estoppel principles apply to dischargeability proceedings. If the prior judgment was rendered by a state court, then the col-

lateral estoppel law of that state must be applied to determine the judgment's preclusive effect.... [H]owever, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability.

*In re St. Laurent,* 991 F.2d 672, 675 (11th Cir.1993) (citations omitted) (quoting *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)) (citing *Grogan,* 498 U.S. at 285 n. 11, 111 S.Ct. at 658 n. 11; *In re Touchstone,* 149 B.R. 721, 725 (Bankr.S.D.Fla.1993); *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987)).

Plaintiff exclusively relies on the jury verdict and the facts deemed admitted in the state court action (i.e., the allegations of the complaint) to establish the nondischargeability claims in this adversary proceeding. The jury allocated compensation between six sub-categories, including an award of $35 million in punitive damages, for a total award of $37,842,179.11. In addition to the award of damages, Plaintiff asserts that the jury made three distinct findings, which establish nondischargeability under § 523(a)(4) and (a)(6). The jury found "that Defendants [sic] acts or omissions exhibited a specific intent to cause harm O.C.G.A. § 51–12–5.1(f)"; "that Defendants' violations of the Fair Business Practices Act were intentional. O.C.G.A. § 10–1–390 *et seq.*"; and "that Defendants were entrusted with funds intended for patient care, and diverted those funds for personal or other use in breach of fiduciary duty 11 U.S.C. § 523." (Plaintiff's Exhibit B). Each of these findings was made by checking "Yes" on the verdict form provided to the jury.

■ Because the bankruptcy court has exclusive jurisdiction over non-dischargeability actions, the jury's finding of liability under a section of the Bankruptcy Code—

§ 523—is disregarded. *See In re St. Laurent,* 991 F.2d 672, 675 (11th Cir.1993). Instead of relying on the jury's legal conclusions, the Court must determine whether the factual findings satisfy the necessary nondischargeability elements for § 523(a)(4) and (6) claims and whether the jury verdict constitutes a judgment entitled to preclusive effect. *Id.*

## A. The jury verdict may not be used for its preclusive effect.

■ The application of the jury verdict for its preclusive effect is improper. Plaintiff has failed to establish that the jury verdict is a final judgment. A judgment used as a basis for applying the doctrine of collateral estoppel must be a final judgment. *E.g., Greene v. Transport Ins. Co.,* 169 Ga.App. 504, 506 (313 S.E.2d 761) (1984). Under Georgia law, "the judgment is not final as long as there is a right to appellate review." *Reid v. Reid,* 201 Ga.App. 530, 533, 411 S.E.2d 754 (1991) (citing *Lexington Developers, Inc. v. O'Neal Constr. Co.,* 143 Ga.App. 440, 441, 238 S.E.2d 770 (1977)). Final means "a case in which a judgment has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Hurt v. Norwest Mtg.,* 260 Ga. App. 651, 658 n. 22, 580 S.E.2d 580 (2003).

The Court is aware of contrary authority in *Pope v. Shipp,* 38 Ga.App. 483, 144 S.E. 345 (1928), which holds that a judgment is final for its preclusive effect unless and until the judgment is reversed or set aside by an appellate court. *Id.* at 484–85, 144 S.E. 345; *see also* O.C.G.A. § 9–12–40. However, the rationale of requiring finality of a judgment for determining whether a claim will survive a bankruptcy discharge is sound.

In Plaintiff's Reply, she relies on O.C.G.A. § 5–5–40(a)'s standard timeline

for filing a motion for new trial in support of her collateral estoppel legal theory. As Plaintiff concedes, this statute provides an "extraordinary cases" exception to the 30-day period for filing the motion. Plaintiff has not established Debtor is without a right to appeal. Further, Plaintiff has presented no evidence or argument that Debtor has exhausted his rights to appellate review or that the jury verdict is a final judgment which entitles Plaintiff to its preclusive use. Therefore, Plaintiff has failed to meet her burden of establishing that she is entitled to judgment as a matter of law.

Although Plaintiff argues that Debtor's time for appeal or reconsideration may have expired, Plaintiff's analysis fails to consider Debtor's appeal rights within the context of his pending bankruptcy case and the imposition of the automatic stay. Section 362(a) stays the continuation of any judicial proceeding *against the debtor.* 11 U.S.C. § 362(a) (emphasis added). It is well established that it does not apply to a proceeding brought by the debtor that inures to the benefit of the debtor's estate. *E.g., Farley v. Henson,* 2 F.3d 273, 274 (8th Cir.1993). However, there is a legal question as to how to categorize an appeal by a debtor of an adverse verdict where the debtor was a defendant. Many federal circuits have held that an appeal by a debtor in a case in which the debtor originally was the defendant is a "continuation" of a "proceeding against the debtor" and thus is subject to the automatic stay. *Id.; Ingersoll–Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426 (9th Cir.1987); *Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61, 65 (2d Cir.1986); *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.,* 797 F.2d 227, 230 n. 4 (5th Cir.1986); *Cathey v. Johns–Manville Sales Corp.,* 711 F.2d 60 (6th Cir.1983); *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3d

Cir.1982); and *Sheldon v. Munford, Inc.,* 902 F.2d 7 (7th Cir.1990). Further, the Court would note that another named defendant in the state court action, Moran Lake Convalescent Center, LLC, is also a Chapter 7 debtor. The impact of the pending bankruptcies of both Debtor Mr. Houser and Moran Lake Convalescent Center, LLC may further complicate the reconsideration and appeal timeframes. Regardless, Plaintiff has failed to establish that the jury verdict constitutes a final judgment; therefore, the verdict may not be used for its preclusive effect.

**B. Plaintiff has failed to establish the requisite intent element for a § 523(a)(6) claim.**

■ Exceptions to discharge are construed narrowly, and the Plaintiff's burden of proof in a § 523(a)(6) non-dischargeability action requires proof that the debtor had a subjective intent to injure or cause harm. *Ikner,* 883 F.2d at 989. Even if the jury verdict could be used for its preclusive effect, the verdict is insufficient to establish the necessary non-dischargeability elements against Debtor. The record is not sufficient to determine the underlying grounds or basis for the state court's ruling as to Debtor's liability. Specifically, there are no factual findings as to Debtor's subjective state of mind in relation to the harm suffered by Plaintiff.

In *In re Morris,* the court declined to apply collateral estoppel in a § 523(a)(6) nondischargeability action. 185 B.R. 939, 944 (Bankr.N.D.Ga.1994). The state court default judgment arose from an attempted vehicle repossession where the plaintiff asserted that the defendant had no valid security interest and that defendant breached the peace. *Id.* at 941–42. Judgment against the debtor was entered, including punitive damages. *Id.* The court found that the factual basis as to the judg-

ment was inconclusive and that there was no finding as to the debtor's subjective intent to cause harm. The *Morris* court distinguished between a judgment for liability as a result of an agent's acts and the debtor's own intention by explaining that:

> [T]he evidence presented supports the conclusion that Defendant, in attempting to repossess Plaintiff's automobile through his agent, may have acted with reckless disregard as to the resulting risk of injury to Plaintiff or her property. Although such a showing may prove maliciousness, it does not demonstrate the intent required under Section 523(a)(6) as it must be established that Defendant acted intentionally with regard to the consequences of his conduct.

*Id.* at 944.

In contrast, in *In re Lowery*, 440 B.R. 914 (Bankr.N.D.Ga.2010), the court applied collateral estoppel in a non-dischargeability action where the there were multiple state court defendants. However, the court specifically relied upon the individualized findings made by the state court as to debtor's personal liability. *Id.* at 922. The court also noted that the state court order "included no findings as to the other defendants and their actions did not play any role in the ultimate findings against [debtor]." *Id.* Under this scenario, the court determined that the "identity of parties" prong of collateral estoppel was satisfied. *Id.*

Here, there are eleven named defendants, including Debtor George D. Houser, in the state court action. Neither the allegations in the complaint nor the jury verdict distinguishes between the named defendants and only finds collective liability. In fact, most of the allegations in the complaint refer to defendants in the plural form and none of the allegations are specific to Debtor. *E.g.*, Plaintiff's Exhibit A, ¶¶ 29 & 37. The scope and particularity of

the jury verdict is more analogous to the default judgment in the *Morris* case. The record does not provide any finding or admitted allegation of Debtor's intent to cause harm. Unlike in *Lowery*, there are no specific findings attributable to Debtor or any other state court defendant. Additionally, Debtor's affidavit filed in support of his opposition to Plaintiff's Motion states that he never knew Plaintiff's father and had no specific intent to cause him harm. (Docket No. 14, p. 21, ¶ 5). A non-dischargeability determination under § 523(a)(6) requires the debtor to have a subjective intent to cause injury or harm. The record does not support such a finding, and Plaintiff has failed to establish that she is entitled to judgment as a matter of law.

**C. Plaintiff has failed to establish the requisite elements for a § 523(a)(4) claim.**

 Plaintiff has also not establish that she is entitled to judgment on her § 523(a)(4) claim. Again, Debtor's personal diversion of funds for his own personal or improper use is not included in the jury verdict. The jury verdict is limited to the collective defendants: "Defendants were entrusted with funds intended for patient care, and diverted those funds for personal or other use in breach of fiduciary duty. 11 U.S.C. § 523." (Plaintiff's Exhibit B). Further, the state court's legal determination regarding a bankruptcy statute is not a valid basis for this Court to deem a debt non-dischargeable. "[T]he ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir.1993).

Additionally, the admitted factual allegations in the state court complaint do not provide the requisite facts to support a

§ 523(a)(4) claim against Debtor. In the 53–page complaint, this Court found no allegation that Debtor was in a fiduciary capacity to Plaintiff's father or any of the other statutory elements required in a § 523(a)(4) claim. Especially in light of the summary judgment standard, which views the evidence and inferences in favor of the non-moving party, Plaintiff has not met her burden in establishing that she is entitled to judgment.

### D. The statutory determinations in the jury verdict are disjunctive and insufficient to successfully meet the elements of § 523 claims.

■ The jury's findings are not specific enough to satisfy the requisite elements of the § 523 claims even if collateral estoppel applied. Although the jury made a finding of defendants' specific intent to cause harm under O.C.G.A. § 51–12–5.1(f), that provision imposes punitive liability under either of the following two scenarios:

> In a tort case in which the cause of action does not arise from product liability, if it is found that the defendant acted, or failed to act, with the specific intent to cause harm, *or* that the defendant acted or failed to act while under the influence of alcohol, drugs other than lawfully prescribed administered in accordance with a prescription . . . there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor but such damages shall not be the liability of any defendant other than an active tort-feasor.

O.C.G.A. § 51–12–5.1(f) (emphasis added). In *MDC Blackshear, LLC v. Littell,* 273 Ga. 169, 173, 537 S.E.2d 356, 361 (2000), the Supreme Court of Georgia stated that "[p]unitive damages cannot be imposed without a finding of culpable conduct based upon either intentional and wilful acts, *or* acts that exhibit an entire want of care and indifference to consequences," *Id.* (emphasis added), indicating that an "entire want of care" is distinguishable from intent or willfulness.

Because both the general requirements for assessing punitive damages and O.C.G.A. § 51–12–5.1(f) present disjunctive options, Plaintiff has failed to meet her burden of proof in establishing the intent element under § 523(a)(6). *See Jefferson v. Hedd–Williams (In re Hedd–Williams),* 2011 WL 2516503, 2011 Bankr.LEXIS 2297 (Bankr.N.D.Ga. Mar. 30, 2011); *Norrell Health Care, Inc. v. Clayton (In re Clayton),* 168 B.R. 700 (Bankr.N.D.Cal. 1994) (discussing the differences between the Georgia statute and § 523(a)(6) at length).

For these reasons, Plaintiff has not adequately established that she is entitled to judgment as a matter of law. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment is **DENIED.**

The clerk is directed to serve a copy of this Order on the Plaintiff, Defendant, their respective counsel, and the Chapter 7 Trustee.