### In re Pauline Elizabeth WHYTE, Debtor.

### Pauline Pinnock Dunn, Plaintiff,

### v.

### Pauline Elizabeth Whyte, Defendant.

**Bankruptcy No. G12–21792–REB.
Adversary No. 12–2091.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Jan. 29, 2013.

Pauline Pinnock Dunn, Gainesville, GA, pro se.

Alan I. Seitman, Atlanta, GA, for Defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Defendant–Debtor for summary judgment filed herein on October 22, 2012. Plaintiff commenced this adversary proceeding through the filing of a complaint on June 25, 2012, in which she seeks a judgment denying Debtor's discharge under 11 U.S.C. § 727(a)(2). Plaintiff also seeks a ruling that an obligation of Debtor owed to Plaintiff based on a jury award entered in the Superior Court of Forsyth County, Georgia in August of 2011 in the amount of $175,787.79 be excepted from discharge in this case under 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), and/or § 523(a)(4). Plaintiff has filed no response to the motion or otherwise contested Debtor's statement of material facts for which there is no genuine issue for trial. Under the Local Rules of this Court (see BLR 7056–1(a)(2)), those facts are thus deemed admitted, and upon review of same, as well as the legal argument set forth in Debtor's brief and the accompanying evidence of record, including the trial transcript from the above-referenced state court litigation, the Court concludes that the relief requested should be granted.[1]

In the complaint, Plaintiff states that her original claim against Debtor and her husband, Joseph Whyte, arose from Plaintiff's liquidation of approximately $175,000.00 from a 401(k) account (26 U.S.C. § 401(k)) to fund a down payment of earnest money on the purchase of certain real property from the Whytes located in Cumming, Georgia. Certain disputes occurred and the sale never closed. Based upon the alleged failure of Joseph Whyte to refund the earnest money, Plaintiff filed suit for damages against both Joseph Whyte and Debtor.[2] Debtor contends that she was named as a party defendant only

---

1. Debtor filed a Notice of Filing of Trial Transcript herein on October 23, 2012 (Docket Entry No. 11) with respect to the state court trial held on August 15–17, 2011.

2. This action was styled *Pauline Pinnock v. Joseph C. Whyte and Pauline Whyte,* Case No. 09–CV–1643.

because she had also signed the sales contract. Following a jury trial in Forsyth County Superior Court, and an election of remedies by Plaintiff as insisted upon and upheld by the state court trial judge, a verdict was returned in favor of Plaintiff against defendants on the claim of breach of contract. The issue of fraud was never submitted for decision. *See* Transcript, vol. V, page 649, lines 5–11.

With respect to this bankruptcy case, Plaintiff asserts that Debtor should be denied a discharge under 11 U.S.C. § 727(a)(2) because she allegedly transferred, removed, and concealed property with intent to hinder, delay, or defraud her creditors, failed to disclose various assets, and made false statements during her examination by the Chapter 7 Trustee under Section 341(a). Further, Plaintiff contends under certain provisions of Section 523 that Debtor's obligation as reflected by the jury verdict should be excepted from discharge for the following reasons: (1) Debtor allegedly made false representations regarding the use of Plaintiff's earnest money deposit; (2) statements contained in the purchase and sale agreement were materially false and made with intent to deceive; and, (3) Debtor fraudulently appropriated Plaintiffs funds as entrusted to her care for her own personal use, which constitutes embezzlement.

Debtor has denied these allegations and in her brief filed in support of her motion, she avers that the jury entered its verdict strictly on grounds of breach of contract, which does not support relief under Section 523. Further, Debtor asserts that under the doctrine of collateral estoppel, Plaintiff is precluded from raising a 'new' claim for relief from fraud in this proceeding on these same facts. Debtor also maintains counsel for Plaintiff acknowledged before the state court that "there was no fiduciary relationship between De-fendant [Debtor] and Plaintiff," and that Debtor "had not acted in a fraudulent manner." In addition, Debtor states Plaintiff testified under oath during the state court trial that "Defendant [Debtor] never asked her [Plaintiff] for any money, never asked her to sign the real estate contract and never asked her to do anything with her 401(k) account." *See* ¶¶ 6–9, Statement of Material Facts (Docket Entry No. 9); *see also* Transcript references contained in Debtor's Brief in Support of Motion, at 3–4 (Docket Entry No. 10).

Summary judgment may be granted pursuant to Federal Rule of Civil Procedure 56, applicable herein by and through Federal Rule of Bankruptcy Procedure 7056, if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury,* 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment, and the court cannot choose between competing inferences. *See Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Serv., Inc.,* 120 F.3d 1192, 1196 (11th Cir. 1997).

As the moving party who does not bear the burden of proof at trial, to succeed on her motion for summary judgment Debtor must show that there is "an absence of evidence to support the nonmoving party's [Plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such showing has been made, Plaintiff must then demonstrate the existence of a genuine dispute for trial on her claims. In addition, under Fed.R.Civ.P. 56(e), Plaintiff cannot rely on mere denials to the showing made by Debtor, but must set forth "specific facts" that establish the existence of a dispute through affidavits or other forms of evidence that contain more than conclusory statements as to ultimate facts.[3]

Concerning the allegations in count I under Section 727(a)(2), Plaintiff must prove the following by a preponderance of the evidence: "(1) that the act complained of was done within one year prior to the date the petition was filed, (2) with actual intent to hinder, delay, or defraud a creditor, (3) that the act was that of the debtor, and (4) that the act consisted on transferring, removing, destroying, or concealing any of the debtor's property." *Jennings v. Maxfield*, 533 F.3d 1333, 1339 (11th Cir.2008). In her motion, Debtor denies the above and affirms the full disclosure of all her assets in her filings with the Court, and the truth of her statements as offered under oath during her Section 341 examination. The Court observes that although Plaintiff's complaint contains general allegations of Debtor's violation of Section 727(a)(2), following Debtor's motion Plaintiff has not presented proper evidence of specific facts showing a genuine issue for trial with respect to this provision. Further, even though intent may be shown by circumstantial evidence, there has been no showing by Plaintiff whatsoever identifying or concerning the timing of the transfers in question, what assets have been concealed and the basis for such allegation, or what statements Debtor made under oath that are allegedly false. Upon review of the record as presented, the Court concludes that count I is subject to disposition by summary judgment in favor of Debtor and against Plaintiff.

Next, the Court turns to Plaintiff's claims under various provisions of Section 523(a). Exceptions to discharge are narrowly construed and must be proven by a preponderance of the evidence. *See Terhune v. Houser (In re Houser)*, 458 B.R. 771, 776 (Bankr.N.D.Ga.2011). With regard to Plaintiff's allegations in count II, the Court observes that to succeed under Section 523(a)(2)(A), Plaintiff must prove facts showing that Debtor "committed positive or actual fraud involving moral turpitude or intentional wrongdoing."[4] Here,

---

**3.** Once the party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits on personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 948–49 (11th Cir.1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 (11th Cir.1993).

**4.** *Bracciodieta v. Raccuglia (In re Raccuglia)*, 464 B.R. 477, 485 (Bankr.N.D.Ga.2011). Section 523(a)(2)(A) provides in pertinent part as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement

Plaintiff must establish that the Debtor obtained money, property, or credit from Plaintiff: (1) by false representation, pretense, or fraud; (2) knowingly made or committed; (3) that occurred with the intent to deceive the Plaintiff or to induce her acting on same; (4) upon which Plaintiff actually and justifiably relied; and (5) that Plaintiff suffered damages, injury, or loss as a result thereof. *HSSM # 7 Ltd. Pshp. v. Bilzerian (In re Bilzerian),* 100 F.3d 886, 892 (11th Cir.1996); *Sterling Factors, Inc. v. Whelan (In re Whelan),* 245 B.R. 698, 705–06 (N.D.Ga.2000); *Lusk v. Williams (In re Williams),* 282 B.R. 267, 272 (Bankr.N.D.Ga.2002). Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Agricredit Acceptance Corp. v. Gosnell (In re Gosnell),* 151 B.R. 608, 611 (Bankr.S.D.Fla.1992); *see also Burroughs v. Pashi (In re Pashi),* 88 B.R. 456, 458 (Bankr.N.D.Ga.1988).[5]

As mentioned above, Debtor asserts in her motion that based on the evidence presented, not only has Plaintiff failed to show the existence of a genuine issue of fact regarding the allegation that Debtor engaged in fraud, but no issue at all has been created regarding Debtor's involvement with Plaintiff other than Debtor also signed the real estate contract. *See e.g.* Transcript, vol. I, page 64, line 13–page 65, line 15; Transcript, vol. III, page 410, lines 9–24. Further, Debtor argues that because Plaintiff elected to proceed to the jury on her claim of breach of contract, under the doctrine of collateral estoppel Debtor is necessarily precluded from relitigating in this court any issues decided in the state court law suit. *See Kasper v. Turnage (In re Turnage),* 460 B.R. 341 (Bankr.N.D.Ga.2011).

▮▮▮▮▮ Under the doctrine of collateral estoppel, also known as issue preclusion, the Court must address the binding effect in this adversary proceeding of the findings of fact as set forth in the state court jury's verdict. As explained by the Eleventh United States Circuit Court of Appeals:

> Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case. Collateral estoppel principles apply to dischargeability proceedings. If the prior judgment was rendered by a state court, then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect ... however, the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability.

*St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675 (11th Cir.1993)

---

respecting the debtor's or an insider's financial condition....

11 U.S.C. § 523(a)(2)(A). As noted above, these elements must be proven by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991); *League v. Graham (In re Graham),* 191 B.R. 489, 493 (Bankr. N.D.Ga.1996); *accord City Bank & Trust Co.*

*v. Vann (In re Vann),* 67 F.3d 277 (11th Cir. 1995).

**5.** Reckless disregard for the truth or falsity of a statement can also supply the necessary basis for a determination of nondischargeability under this provision in the proper circumstances. *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1476 (11th Cir.1985).

(cites omitted); *see also Houser,* 458 B.R. at 777–78.[6]

Upon review of these factors, this Court concludes that issue preclusion applies regarding the facts decided in support of the breach of contract award. Issues surrounding the claim of fraud, however, were not actually and finally litigated in the state court, nor were same essential to the jury's verdict. Therefore, collateral estoppel does not apply to issues underlying Plaintiff's fraud claims, and same may be asserted by Debtor herein for decision.

As mentioned above, Debtor also contends that the Plaintiffs election of remedies acts to bar the litigation of any claims of alleged fraud herein under Section 523(a). The state court record does reflect that Plaintiff elected to affirm the contract and sue for damages, as contrasted with rescinding the agreement and suing in tort. Debtor adds that such an election was necessary and cites case authority such as *Weinstock v. Novare Group, Inc.,* 309 Ga.App. 351, 354, 710 S.E.2d 150, 154 (2011).

■■■ On the one hand, this Court observes based on its research of Georgia law that a party who alleges fraudulent inducement into contract may pursue claims for both a breach of contract and fraud *prior* to judgment *if* properly pled. *See Tri–State Consumer Ins. Co. v. Lexis-Nexis Risk Solutions, Inc.,* 823 F.Supp.2d 1306, 1321 (N.D.Ga.2011), citing *Waller v. Scheer,* 175 Ga.App. 1, 5, 332 S.E.2d 293, 297–98 (1985). The prohibition applies against collecting a satisfaction on the breach of contract claim as well as the tort claim for fraud on the same set of facts—if judgment is entered on both claims, a plaintiff has to choose whether or not to affirm the contract. Perhaps the state court judge determined that Plaintiff had waived her fraud claim in her pleadings. In any event, this Court will not review the ruling of the state court requiring Debtor to make an election before submitting the matter to the jury.

■■■ On the other hand though, even with Plaintiff's election of remedies, the Court concludes as a legal matter that she is not precluded from bringing her fraud claims here under Section 523(a). While the election of remedies doctrine prevents a party from obtaining a second satisfaction on a single cause of action, a complaint to determine the dischargeability of a debt in a bankruptcy case is a separate and distinct cause of action. *See Brockenbrough v. Taylor (In re Taylor),* 54 B.R. 515, 517–18 (Bankr.E.D.Va.1985). This reasoning flows from the decision of the United States Supreme Court in *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), where the Court concluded that *res judicata* or claim preclusion, as distinguished from collateral estoppel or issue preclusion, does not operate in bankruptcy dischargeability proceedings as a bar against the litigation of issues that *might* have been litigated in the prior suit. *See also Taylor,* 54 B.R. at 518 n. 3. Hence, issues regarding the dischargeability of the debt

---

**6.** In deciding whether collateral estoppel applies in this adversary proceeding, this Court must refer to the law of Georgia as the law of the state in which the verdict was rendered. Under Georgia law, the doctrine of collateral estoppel applies when the following elements have been satisfied: (1) the identity of the parties in the two actions is the same; (2) there is an identity of the issues; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question. *See Turnage,* 460 B.R. at 345, citing *Lewis v. Lowery (In re Lowery),* 440 B.R. 914, 921–22 (Bankr.N.D.Ga.2010) (cites omitted).

in question on the grounds alleged are properly raised herein by Plaintiff and may be decided as such claims present ultimate legal questions for this federal bankruptcy court to examine and determine.

 Looking then to the matters of record, this Court concludes with regard to summary judgment that a genuine dispute of fact has not been demonstrated by Plaintiff on the issue of whether Debtor had the requisite intent to defraud Plaintiff at the time of the transaction in question. For purposes of Section 523(a)(2)(A), a failure to fulfill a promise on a contract is not sufficient, as it must be shown that Debtor entered into the agreement either knowing that she could not, or that she did not, intend to perform according to its terms. *See Bropson v. Thomas (In re Thomas)*, 217 B.R. 650, 653 (Bankr. M.D.Fla.1998); *American Surety & Cas. Co. v. Hutchinson (In re Hutchinson)*, 193 B.R. 61, 65 (Bankr.M.D.Fla.1996). To defeat Debtor's motion for summary judgment, Plaintiff must establish an issue of fact with respect to the existence of fraud on the part of Debtor at the inception of the real estate contract.

The Court understands Plaintiff suffered injury and was awarded damages as a result of the breach of contract, but exceptions to a debtor's discharge, including those on grounds of fraud, must be strictly construed. Further, the Court notes that questions of intent are generally not appropriate for summary disposition. However, once Debtor has shown the absence of a fact issue on this matter based on the evidence of record, as she has done in her motion. Plaintiff must then come forward to present evidence of her own establishing that a genuine issue exists for trial. Plaintiff has failed to make this showing as required under Section 523(a)(2)(A), and

Debtor is, therefore, entitled to summary judgment on count II.

 Similarly, with respect to count III, Plaintiff contends that Debtor obtained money from her by using a writing on which Plaintiff relied that was materially false. The Eleventh Circuit Court of Appeals has addressed the correct application of Section 523(a)(2)(B) as follows:

[A] debt is non-dischargeable in bankruptcy [under this provision] where it was obtained by a writing: (1) that is materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor to whom the debt is liable for such money, property, services, or credit reasonably relied; and (4) that the debtor caused to be made or published with the intent to deceive.

*Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994). This exception applies to situations in which money, property, services, or new or renewed credit is obtained by a false written financial statement concerning the debtor or an insider. It appears that the writing upon which Plaintiff relies herein is the Purchase and Sale Agreement. This document, however, is not a financial statement and in fact, makes no representation whatsoever concerning this Debtor's financial condition. At most, it contains a promise to complete the work as agreed. Because each requirement of Section 523(a)(2)(B) must be met for this exception to apply, and since no fact question has been shown by Plaintiff regarding same, the Court concludes summary judgment will be granted in favor of Debtor on count III.

 Finally, regarding count IV, embezzlement under Section 523(a)(4) differs from larceny in that in the case of the former, the property at issue first comes into the defendant's hands lawfully. Here, it must be proven that the Debtor used

Plaintiff's funds as entrusted to her care for purposes to which she was not entitled while acting with fraudulent intent. *See Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991).[7] Upon an examination of the record presented, the Court finds no genuine issue for trial with respect to any of the foregoing factual elements necessary to sustain relief in favor of Plaintiff under this particular dischargeability exception, including whether Debtor actually received funds from Plaintiff under the Agreement and later misused same. Thus, summary judgment will be granted in favor of Debtor on count IV.

Accordingly, upon consideration of the motion and for the reasons stated above, the Court concludes that Defendant–Debtor is entitled to judgment as a matter of law on each of the claims set forth in Plaintiff's complaint, and it is

**ORDERED** that the motion of Defendant–Debtor Pauline Elizabeth Whyte for summary judgment be, and the same hereby is, **granted;** and, it is

**FURTHER ORDERED** that the discharge of Defendant–Debtor is *not* **denied** by reason of 11 U.S.C. § 727(a)(2); and, it is

**FURTHER ORDERED** that the obligation of Defendant–Debtor owed to Plaintiff Pauline Pinnock Dunn in the amount of $175,787.79, based on a jury verdict entered against Defendant–Debtor and Joseph Whyte in the Superior Court of Forsyth County, Georgia on August 18, 2011, Case No. 09–CV–1643, is *not* **excepted** from discharge herein by reason of either 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), or 11 U.S.C. § 523(a)(4).

A judgment is entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Order upon Plaintiff, counsel for Defendant–Debtor, the Chapter 7 Trustee, and the United States Trustee.

**IT IS SO ORDERED.**

---

**7.** *See also First State Ins. Co. v. Bryant (In re Bryant)*, 147 B.R. 507, 512 (Bankr.W.D.Mo. 1992) (cites omitted). To succeed under this provision, a plaintiff must show that the debtor: (1) appropriated the subject funds to her own benefit with a fraudulent intent; (2) deposited the funds into an account to which only debtor had access; and (3) disbursed or used the funds without any explanation of her reason or purpose in doing so.